**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LINDA K. NYBERG,**

    **Plaintiff,**

v.                                                            Case No.  8:07-cv-1553-T-30TGW

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Notice of Objection to Removal of Cause to Federal Court (Dkt. #14), Plaintiff's Motion to Remand Case to State Court Jurisdiction (Dkt. #17), and Defendant's Memorandum of Law In Opposition to Plaintiff's Motion to Remand Case to State Court Jurisdiction (Dkt. #20). The Court, having considered the motion, notice, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

This cause was originally filed on July 31, 2007, by Plaintiff against Defendant in the Circuit Court in and for Pasco County, Florida. The Complaint was removed to this Court by Defendant on August 30, 2007. The jurisdictional basis for removal was diversity of citizenship pursuant to 28 U.S.C. §1332. The amount in controversy under Plaintiff's initial claims exceeded the jurisdictional limit of this Court.

Plaintiff filed a Notice of Objection to Removal of Cause to Federal Court on October 16, 2007, and a Motion to Remand Case to State Court Jurisdiction on December 10, 2007. Both pleadings were filed more than thirty (30) days after the case was removed to this

Court. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c). Accordingly, Plaintiff's motion is untimely.

In addition, jurisdiction appears to be proper in this Court. On October 5, 2007, this Court granted Defendant's motion to dismiss as to Counts III and IV. Plaintiff argues that the dismissal of Counts III and IV will limit the dispute to the UM contract, which has policy limits of $25,000.00. Such events, however, do not warrant remand. "Events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. Of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand Case to State Court Jurisdiction (Dkt. #17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1553 mt remand 17.frm